Case 2:16-cv-00105   Document 14   Filed in TXSD on 07/06/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IRVING EXAVIER FLORES RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-105 |
| | § | |
| SIG SYS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff, Irving Exavier Flores-Ramos (Flores) sued his employers, Sig Sys, Inc. and Preferred Warehouse Solutions, LLC (Defendants), for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. D.E. 1. He has brought the action individually and not as a collective action. Before the Court is Defendants' motion to dismiss, D.E. 12, challenging personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and, alternatively, seeking transfer of this action to the Central District of California pursuant to 28 U.S.C. §§ 1404, 1406. For the reasons set out below, the Court DENIES the motion.

### A. Personal Jurisdiction

Defendants are business entities organized under the laws of California, with offices in Irvine, California. Declaration of Larry Michaels, D.E. 12-1. They disclaim any contacts with the State of Texas. *Id*. In contrast, Flores testifies in his declaration that he was an employee of Defendants and that Defendants sent him to multiple locations across the United States generally, and to Nueces County, Texas, specifically.

D.E. 13-2. He worked with a crew to install pallet racking systems in warehouses on jobs that would take from one week to a few months at a time. *Id*.

The declaration of Larry Michaels offered by Defendants does not address the existence or assignments of employees. Michaels does state that "Sig Sys, Inc. is engaged in the business of providing pallet rack installation for mega and large industrial warehouses." D.E. 12-1, p. 2. He further states that Preferred Warehouse Solutions, Inc. provides payroll services to Sig Sys, Inc. However, Michaels does not address employees engaged in the installation of the pallet rack systems.

Michaels only references an unspecified independent contractor agreement, which is not attached to the declaration, and which purportedly does not include a "consent" to jurisdiction in Texas. That representation is insufficient to controvert Flores's declaration in that it does not directly address the fact at issue—whether Flores was an employee sent to Texas—and because reference to a document that is not attached fails to bring the document or its content into the record. *Madden v. Nat. Ctr. for Missing & Exploited Children*, 182 F.3d 913 (5th Cir. 1999) (addressing Rule 56 summary judgment evidence).

The facts of record support personal jurisdiction in this Court in that, by sending Flores and other employees to Texas to install products in Texas warehouses, Defendants have engaged in minimum contacts with the State of Texas. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The Court DENIES the motion to dismiss for lack of personal jurisdiction.

**B. Alternative Motion to Transfer Venue**

Defendants seek, in the alternative, the transfer of this matter to the Central District of California, claiming that they, their witnesses, and their records are located there. The issue of transfer of venue is committed to the sound discretion of this Court. 28 U.S.C. § 1404(a); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("[W]e review only for clear abuses of discretion that produce patently erroneous results."). A court may transfer venue (1) for the convenience of parties and witnesses, in the interests of justice, (2) to any other district or division where the action might have been brought. 28 U.S.C. § 1404(a). The burden of proof is on the movant to show good cause for the proposed transfer. *Volkswagen*, 545 F.3d at 314. According to the Fifth Circuit:

> This "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Volkswagen*, 545 F.3d at 315.

This action "might have been brought" in the Central District of California because Defendants are domiciled there. Thus the second requirement for transfer of venue is satisfied. The first prong of the test requires an analysis and weighing of several private and public interest factors that were first set out as governing *forum non*

*conveniens* determinations and which were later applied to transfer of venue questions. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419).

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. *Volkswagen*, 545 F.3d at 315.  Each factor will be discussed below.  As the Fifth Circuit observed, these factors "are not necessarily exhaustive or exclusive.  Moreover, we have noted that 'none . . . can be said to be of dispositive weight.'" *Id*. (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

Defendants' representations regarding the private interest factors are conclusory and unsupported by any evidence.  They have not identified any witnesses they expect will testify or any evidence that cannot easily be transported to this Court.  In contrast, Flores has stated in his declaration that he expects to call former co-workers who are located across the United States and that he intends to use documentary evidence in his

possession in his San Antonio, Bexar County, Texas home. Texas is more centrally located in the United States and thus presents a more accessible venue for witnesses located around the country. There appears to be no advantage to either venue with respect to compulsory process. Thus the private interest factors weigh slightly in favor of Flores.

Defendants, despite having the burden of proof, did not address any of the public interest factors. There are no apparent issues of conflict of laws or the application of foreign law. Both venues should be equally able to apply the federal law at issue, FLSA. And there is no indication of administrative difficulties from court congestion. The public interest factors are thus neutral.

Overall, a plaintiff's choice of venue is preferred and the evidence weighs in favor of Flores's choice. Transfer of venue is not available for the purpose of simply shifting the inconvenience of litigation from one party to another. *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 670 (S.D. Tex. 1999). Defendants have not met their burden to show that transfer of venue is warranted. The Court DENIES the motion to transfer venue.

## CONCLUSION

For the reasons stated above, the Court DENIES the motion to dismiss and the alternative motion to transfer venue (D.E. 12).

ORDERED this 6th day of July, 2016.

                                                                       NELVA GONZALES RAMOS
                                                                       UNITED STATES DISTRICT JUDGE